UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMILY SCHAFF                                    CIVIL ACTION

VERSUS                                          NO. 23-2038

JEREMY A. MCKENZIE, ET AL.                      SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] Defendant opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.    BACKGROUND

This case arises out of an automobile accident on March 9, 2022, involving vehicles operated by plaintiff Emily Schaff and defendant Jeremy McKenzie.[3] Plaintiff filed a petition in state court on June 15, 2022 against McKenzie, his employer LA Logistics, Inc., and an insurance company with an automobile liability policy covering one of the defendants, GuideOne

---

[1]    R. Doc. 5.
[2]    R. Doc. 9.
[3]    R. Doc. 1-1 at 1-2.

Insurance Company.[4]  Defendants filed a notice of removal on June 13, 2023, alleging diversity jurisdiction.[5]

Plaintiffs now move to remand the case.[6]  Plaintiff does not contest diversity of citizenship or the amount in controversy, but asserts that defendant failed to timely remove the action to federal court.[7]  According to plaintiff, defendant had thirty days to remove from December 8, 2022, when defendants received plaintiff's written discovery responses revealing the medical expenses that she had already incurred, the extent of her injuries, and her expectation of the need for further treatment.[8]  Defendants contend that it was plaintiff's response to their requests for admission, received on June 12, 2023, that triggered the thirty-day removal clock, and thus, its removal was timely.[9]

The Court considers the parties' arguments below.

---

[4]      R. Doc. 1-3.
[5]      R. Doc. 1.
[6]      R. Doc. 5.
[7]      R. Doc. 5-2 at 5-8.
[8]      R. Doc. 5-2 at 2-4.
[9]      R. Doc. 1 at 5.

## II.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

To remove a case, a defendant must file a notice of removal within thirty days of service on the defendant.  28 U.S.C. § 1446(b).  But in cases that are not initially removable, a defendant may, in some circumstances, remove the case to federal court within thirty days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Put another way, a defendant may remove to federal court thirty days after the "receipt" of an "order or other paper" that indicates, for the first time, that the matter is removable.  *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) ("[I]f the case stated in the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.").

## III.  DISCUSSION

Under 28 U.S.C. § 1446(b), if the initial pleading in the state court case provides notice that the matter is removable to federal court, then the thirty-day removal clock begins to run at the time the defendant receives a copy of that pleading "through service or otherwise."  28 U.S.C. § 1446(b)(1).  In

determining whether the case was removable at the time of service, the Court may examine the face of plaintiff's initial pleading, but it may not consider other matters that the defendants knew or could have known through the exercise of due diligence. *See Chapman*, 969 F.2d at 162-63. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit set the "bright line rule" that the thirty-day removal clock begins to run only if the initial pleading "affirmatively reveals on its face" that the case is removable. *Id.* (noting that the purpose of this rule is to "promote[ ] certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know").

As directed by Louisiana law, plaintiff did not specify an amount in controversy. *See* La. Code Civ. Proc. Ann. art. 893(A)(1). Instead, the petition alleges that plaintiff sustained damages for past, present, and future physical and mental pain and suffering; past, present, and future medical expenses; past, present, and future loss of enjoyment of life; and past, present, and future loss of earnings and earning capacity.[10] Nor did plaintiff include a general allegation that her claims exceed or are less than the jurisdictional amount under Louisiana Code of Civil Procedure article 893.

---

[10]      R. Doc. 1-1 at 3.

La. Code Civ. Proc. Ann. art. 893(A)(1).   Thus, the pleading did not "affirmatively reveal[] on its face" that the case was removable.

To begin the removal clock, an "other paper" must reveal that the amount in controversy is met in an "unequivocally clear and certain" fashion. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).   Written responses to discovery are "other papers" that may begin the removal clock. 28 U.S.C. § 1446(c)(3)(A).   Plaintiff alleges that her discovery responses on December 8, 2022, met the clear and unequivocal standard because (1) they revealed that she had suffered two herniations and annular tears in her cervical spine, with a herniation at C5-6 deforming the spinal cord, that she had consulted an orthopedic surgeon who opined that she was probably a candidate for cervical disc replacement, and that she had already incurred $12,636.79 in medical expenses at the time of the responses, and (2) in state court cases where plaintiffs had suffered similar injuries to those disclosed by Schaff, successful plaintiffs recovered far more than $75,000.[11]

"Other papers describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but not showing unequivocally that the requirement is met, are insufficient to trigger the removal clock."   *Green v. Geico Gen. Ins. Co.*, No. 15-3968, 2015 WL

---

[11]      R. Doc. 5-2 at 7.

5971760, at *3 (E.D. La. Oct. 14, 2015). Nothing in plaintiff's initial discovery responses demonstrated clearly and unequivocally that the amount in controversy exceeded $75,000. *See Manieri v. CR Eng., Inc.*, No. 19-2085, 2019 WL 2022535, at *3-4 (E.D. La. May 8, 2019) (holding that clear and unequivocal standard not met where plaintiff had already incurred $14,641.20 in medical expenses, $4,014.18 in lost wages, and expected to continue receiving treatment, including potential surgery); *Hoffman v. Oyeket*, No. 17-4058, 2017 WL 2963226, at *3 (E.D. La. July 12, 2017) (holding standard not met where plaintiff already incurred $29,838 and planned to continue receiving treatment, including potential surgery); *Darensburg v. NGM Ins. Co.*, No. 14-1391, 2014 WL 4072128, at *4 n.1 (E.D. La. Aug. 13, 2014) (holding standard not met where plaintiff responded to interrogatories with a list of medical expenses totaling $21,149.80 and sought past, present, and future medical expenses and other damages).

But plaintiff's response to defendants' requests for admission, admitting that "her damages exceed the sum of $75,000,"[12] unequivocally constitutes "other paper." *See Morgan v. West*, No. 21-2008, 2021 WL 6049555, at *3 (E.D. La. Dec. 21, 2021) (collecting cases); 28 U.S.C. § 1446(c)(3)(A). This document clearly establishes that the amount-in-

---

[12]    R. Doc. 9-2 at 1.

controversy exceeds $75,000 and therefore triggered the removal clock on

June 12, 2023.[13] Thus, defendants' notice of removal, filed on June 13, 2023,

was timely.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this __18th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]      R. Doc. 9 at 8.